IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICENTE ESTRADA,

    Plaintiff,

v.                                                                                          No. 12-cv-0593 SMV-WPL

CITY OF LAS CRUCES,
EDWARD VILLAREAL, GIL MORA,
RICARDO PORRAS, and DANIEL THOMAS,

    Defendants.

## ORDER GRANTING PARTIAL MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Partial Motion to Dismiss for Failure to State a Claim [Doc. 5] ("Motion"), filed on June 19, 2012.  Plaintiff has not responded, and the time for doing so has passed.  The Court, being fully advised in the premises, FINDS that the Motion is well-taken and should be GRANTED.

Generally, when a party fails to respond to a motion, such silence constitutes consent to granting the motion.  D.N.M.LR-Civ. 7.1(b).  However, when a party fails to respond to a motion to dismiss, a court may not grant the motion based solely on the lack of response.  *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).  Instead, "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."  *Id.* at 1178.  Thus, here, although Plaintiff failed to respond to the Motion, the Court will still consider its merit.

Defendants move the Court to dismiss the official capacity claims against the individual Defendants because they are duplicative of the claims against the City of Las Cruces.  Motion

[Doc. 5] at 1–2. The Court agrees. Suits brought under § 1983 against government employees in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1983) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Accordingly, such an action should "be treated as a suit against the entity." *Id.* at 166; *Trujillo v. Bd. of Educ.*, Nos. 02-1146 JB/LFG and 03-1185 JB/LFG, 2007 U.S. Dist. LEXIS 56529, at **2–3, 2007 WL 2363156, at *1 (D.N.M. June 28, 2007) (unpublished) (recognizing that naming a government official as a defendant in his official capacity is the same as naming the governmental entity itself, and therefore, the individual official was "not a separate party"). Accordingly, Plaintiff has failed to state claims against the individual Defendants in their official capacities that are separate from his claims against Defendant City of Las Cruces. The official capacity claims, therefore, should be dismissed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Partial Motion to Dismiss for Failure to State a Claim [Doc. 5] is **GRANTED**. Plaintiff's claims against Defendants Villareal, Mora, Porras, and Thomas, in their *official* capacities, are **DISMISSED**. The claims against Defendants in their *individual* capacities remain.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**